IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03509–KMT

SONDRA MARTIN, and
RANDY MARTIN,

      Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

## ORDER

---

      This matter is before the court on Defendant's "Partial Motion to Dismiss Plaintiffs'

Claim for Outrageous Conduct and Unopposed Motion to Strike Plaintiff's Claim for Exemplary

Damages" (Doc. No. 18 [Mot.], filed December 31, 2014), to which Plaintiff filed her response

on December 31, 2014 (Doc. No. 19 [Resp.]) and Defendant filed its reply on January 5, 2015

(Doc. No. 12 [Reply]).

## STATEMENT OF THE CASE

      This case arises from a crash pulse[1] rear-end motor vehicle collision in November 2012

and injuries caused to Plaintiff as a result of the collision.  (*See* Doc. No. 4 [Compl.].)  Plaintiffs

assert claims against Defendant State Farm Mutual Automobile Insurance Company ("State

---

[1] A crash pulse collision involves an impact to the receiver hitch of a vehicle that is bolted
directly to the frame.

Farm") for underinsured motorist benefits, breach of contract, bad faith, outrageous conduct, and loss of consortium. (*See id.*)

Defendant moves to dismiss Plaintiff's claim for outrageous conduct and to strike Plaintiffs' claim for exemplary damages. (Mot.) Plaintiffs do not oppose the motion to strike the exemplary damages claim. (*See id.* at 1 and Resp. [containing no argument as to exemplary damages claim].)

## ANALYSIS

### 1.  *Exemplary Damages Claim*

Federal Rule of Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is not a mechanism for attacking a claim on the merits. *See*, *e.g.*, 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1380. "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler–Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). A motion to strike under Rule 12(f) is a severe remedy and, thus, is generally disfavored. *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). However, the decision to grant a motion to strike rests within the sound discretion of the court. *See F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).

Defendant seeks to strike Plaintiffs' claim for exemplary damages because Plaintiffs pleaded the claim in their initial pleading. (*See* Mot. at 4–5.) Colo. Rev. Stat. § 13-21-102(1.5)(a) provides that "[a] claim for exemplary damages . . . may not be included in any initial claim for relief. A claim for exemplary damages . . . may be allowed by amendment to the

pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes *prima facie* proof of a triable issue."   Plaintiffs pleaded their claim for exemplary damages in their initial Complaint.  Plaintiffs do not oppose the motion to strike the claim and state they will amend their complaint to assert the claim.  (Resp. at 7.)

Therefore, Defendants' motion to strike Plaintiffs' exemplary damages claim is granted. The exemplary damages claim is stricken.

**2.       *Outrageous Conduct Claim***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the

assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

Defendant moves to dismiss Plaintiffs' outrageous conduct claim for failure to state a claim upon which relief can be granted. (Mot. at 3–4.) In Colorado, the tort of extreme and outrageous conduct has three elements: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing plaintiff severe emotional distress; and (3) the defendant's conduct caused plaintiff to suffer severe emotional distress. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994) (citing the Restatement (Second) of Torts § 46 (1965)). "The conduct alleged must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' "

*Madison Servs. Co., LLC v.. Gordon*, No. 09-cv-02369-MSK-KMT, 2010 WL 3529588, at *8

(D. Colo. Sept. 2, 2010) (quoting *Han Ye Lee v. Colo. Times, Inc.*, 222 P.2d 957, 963 (Colo.

App. 2009)).

Defendant argues Plaintiffs' claims do not, on their face, amount to outrageous conduct

by Defendant.  (Mot. at 4.)  Plaintiffs allege Defendant acted intentionally, willfully, and

wantonly in causing extreme emotional distress.  (*Id.*, ¶ 65.)  Plaintiffs allege Defendant failed to

communicate with them in a timely manner; failed to timely investigate their claim; failed to

request or timely request Plaintiff Sondra Martin's medical records, financial, or employment

information; failed to speak to Ms. Martin's employer about income loss; failed to speak with

business associates or family members about Plaintiff's claimed injuries; failed to speak with or

inquire of Ms. Martin's medical providers about her injuries; failed to hire a CPA or accountant

to review Plaintiffs' financial records; failed to retain any medical professionals to review Ms.

Martin's medical records or to examine Ms. Martin; and failed to act in good faith to investigate

and pay Plaintiffs' underinsured motorist claim.  (*See* Compl. at 26–42.)

Accepting as true Plaintiffs' factual allegations and construing them in a light most

favorable to them, this court cannot conclude, beyond a reasonable doubt, that they can prove no

set of facts in support of their outrageous conduct claim that will entitle them to relief.

Accordingly, Defendant's motion to dismiss Plaintiffs' outrageous conduct claim is

denied.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that Defendant's "Partial Motion to Dismiss Plaintiffs' Claim for Outrageous Conduct and Unopposed Motion to Strike Plaintiff's Claim for Exemplary Damages" (Doc. No. 18) is **GRANTED** in part and **DENIED** in part.  Plaintiffs' claim for exemplary damages is stricken.  The motion to dismiss Plaintiffs' outrageous conduct claim is denied.

Dated this 11th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge